(92 South. 561)

No. 24373.

### SEARS v. PEYTRAL.

(June 22, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant ⟨⟩375(1)—Compensation claimant's negligence while on mission for employer held not to place him outside scope of employment.**

Where an employee when injured was riding on a truck on a mission for the employer, the fact that he negligently sat on the floor with his legs hanging over the side did not place him outside of the scope of his employment within the Employers' Liability Act.

2. **Master and servant ⟨⟩375(1)—Accident to compensation claimant riding on truck held one "arising out of employment," within Liability Act.**

Where an employee going with others for a piece of granite was expected to ride on a truck in order to reach the granite shop with the others, an accident while riding on the truck arose out of the employment within Employers' Liability Act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

3. **Master and servant ⟨⟩380—Compensation claimant's failure to sit on boxes on truck held not "deliberate failure to use guard or protection against accident."**

That an employee riding on a truck sat on the floor with his feet hanging over the side instead of sitting on empty boxes which were on the truck for a different purpose did not constitute a deliberate failure to use an adequate guard or protection against accident provided by the employer within the Employers' Liability Act (Act No. 20 of 1914, §§ 1 and 28; Act No. 38 of 1918, § 2).

4. **Master and servant ⟨⟩375(1)—Compensation claimant's failure to obey instructions held not to defeat recovery.**

The failure of an employee riding on a truck to obey instructions not to sit on the floor with his feet hanging over the side does not bar a recovery of compensation under the Employers' Liability Act.

5. **Master and servant ⟨⟩412—Right to show compensable disability had ceased reserved by judgment.**

Where an employee's temporary total disability may have ceased since the trial, the judgment on appeal will reserve to the employer the right to show in the trial court when the disability ceased, if it has ceased.

6. **Master and servant ⟨⟩401—Compensation for temporary total disability recoverable on petition alleging permanent partial disability.**

As under Employers' Liability Act (Act No. 20 of 1914, § 18) the courts are not bound by technicalities in proceedings under the act, compensation for total temporary disability shown by the evidence will not be denied because the petition alleged permanent partial disability.

St. Paul, J., dissenting in part.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Edward Sears against Jules F. Peytral for compensation for injuries under the Employers' Liability Act. From a judgment for defendant, plaintiff appeals. Judgment annulled and set aside, and judgment rendered for plaintiff.

Paul W. Maloney, of New Orleans, for appellant.

Legier & Gleason and D. V. Doussan, all of New Orleans, for appellee.

By the WHOLE COURT.

OVERTON, J. Plaintiff was employed by defendant to work for him in connection with a marble yard he was operating in this city. In February, 1920, he was ordered to go with several others in a truck to get a piece of granite. In going on this mission for his master, he sat on the floor of the truck, and permitted his legs to hang over the side. While sitting in that position, the truck reached a hole in the street, and the driver, in seeking to avoid it, passed near a water plug, which struck one of plaintiff's legs and broke it.

During the course of plaintiff's treatment, defendant sent him from time to time sums of money aggregating $112.50. Thereafter he sent him nothing more. Plaintiff then instituted this suit under the Employers' Liability Act, praying for judgment against defendant for $16 a week for 300 weeks, subject to credit of the $112.50 above mentioned.

The record leaves no doubt that plaintiff was injured in the manner stated. The weight of the evidence shows that the smaller bone in the right leg, about midway between the knee and the ankle, was broken. Defendant, however, urges that the accident did not arise out of the employment, because it resulted from a disobedience of orders, but, if it should be held otherwise, then that he still is not liable, because plaintiff deliberately failed to use an adequate protection or guard against accident provided for that purpose.

It seems that there was a small sign on the truck cautioning employees to keep their hands and feet inside of it while riding. There is evidence in the record to the effect that plaintiff on several occasions had violated these instructions, and had been warned against doing so. Defendant and his son testify that, when they started on the trip, plaintiff sat on the side of the truck with his feet hanging from the side, and was told by plaintiff not to ride in that manner. They testify that he obeyed for the time being the order not to ride in such a way, but later that he resumed his former position, and as a result was injured. They testify that there were one or two boxes on the truck, which could be used as seats.

Granting that this evidence is correct in every respect, still, upon a further consideration of this case, we have reached the conclusion that plaintiff is entitled to relief. The Employers' Liability Act grants compensation to those employed in hazardous occupations for personal injury caused by accident arising out of and in the course of the employment, except when the accident is brought about by one of the causes mentioned in section 28 of the act. Section 1 of Act 20 of 1914; section 2 of Act 38 of 1918. Those exceptions are:

When the injury is caused: "(1) By the injured employee's wilful intention to injure himself or to injure another, or (2) by the injured employee's intoxication at the time of the injury, or (3) by the injured employee's deliberate failure to use an adequate guard or protection against accident provided for him or (4) by the employee's deliberate breach of statutory regulations affecting safety of life or limb." Section 28 of Act 20 of 1914.

[1] That the accident arose out of and in the course of the employment appears from the fact that at the very moment it occurred plaintiff was proceeding on a mission for his master under his employment. The mere

fact that he was proceeding negligently in the vehicle provided for that purpose, or in a manner therein that was contrary to instructions, did not place him outside of the scope of his employment. He was still on the mission of his master. In the annotation on workman's compensation laws to be found in L. R. A. 1916A, on page 52 et seq., it is said, in treating this subject, that:

"The essential point to be determined is whether the servant was actually doing the work he was employed to do, or whether he was doing something substantially different. In the former case numerous decisions support the view that mere disobedience to orders does not take him outside the statute. * * *

"Where, however, the prohibited act is one lying wholly outside of the sphere of his employment, no recovery is allowable. * * *"

[2] Defendant also contends that he was under no obligations to transport plaintiff, and therefore takes the position that plaintiff was riding in the truck only for his own convenience, and hence argues that the accident did not arise out of the employment. However, we think it sufficient to say that the evidence leads clearly to the conclusion that plaintiff was expected to ride in the truck, not for his convenience, but for that of his master, in order to reach the granite shop with the others to transport the granite to defendant's yards.

[3, 4] We therefore conclude that the accident arose out of and in the course of the employment. We are also of the opinion that the defense urged that there was a deliberate failure on the part of plaintiff to use an adequate guard or protection against accident provided by plaintiff is not well founded. The adequate protection against accident referred to consisted of two empty boxes put in the truck to block the granite that defendant was on his way to get. They doubtless afforded very uncomfortable seats in driving over what apparently was a rough street. But be that as it may, we do not think that they come within the purview of the stat-

ute, and that the failure of the plaintiff to obey instructions by sitting where he did does not debar him from recovering.

[5] Plaintiff, as a result of the accident, was totally disabled temporarily to do work of any reasonable character. The accident occurred on February 19, 1920. At the time of the trial of this case, in the lower court, which was in the latter part of October, 1920, he still suffered from his leg. He could not stand for any length of time without suffering pain. While there is some evidence in the record that at the time of the trial he might do light work, yet we think that the evidence, as a whole, shows that he, an ordinary laborer, was still disabled. The evidence indicates, however, that this disability will disappear in a year from the accident. For that reason we will expressly reserve to defendant the right to show in the trial court when the period of disability ceased, if it has ceased. In reference to the amount per week that should be allowed, the statute fixes it at 55 per cent. of the wages of the employee during the period of disability, not, however, to exceed 300 weeks. Section 8, par. (a), of Act 38 of 1918. Plaintiff's average wage was $15 a week. Therefore he should be allowed $8.25 a week during the period of disability, not exceeding 300 weeks, less the $112.50 received by him.

[6] We have observed that plaintiff in his petition states that the injury received has resulted in disabling him permanently, though partially. We have allowed damages for temporary total disability. There is no evidence showing permanent partial disability, but the evidence shows total temporary disability. The compensation demanded in his petition is sufficient to include the latter. In view of the fact that the courts are not bound by technicalities in procedure in administering the Employers' Liability Act, nor by the technical rules of evidence, and that the act is designed to avoid technical-

ities, we do not think that the fact that plaintiff has so characterized his injury should be permitted to operate to his prejudice. In this instance, to rule otherwise would be to maintain a pure technicality in administering a law that is designed not to be technical. Section 18, Act 20 of 1914. There is nothing, even in plaintiff's evidence, that would lead to the conclusion that the injury caused a partial permanent incapacity, but we think that the evidence supports the conclusion that we have reached that the disability caused was total, though temporary.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment appealed from be annulled and set aside, and that plaintiff do now have and recover judgment against defendant allowing him compensation at the rate of $8.25 a week during the period of disability, not to exceed 300 weeks, from February 19, 1920, reserving to defendant, however, the right to show in the trial court when the disability ceased, if it has ceased, and it is further ordered and decreed that said compensation herein allowed be credited with said sum of $112.50, and that appellee pay the costs of both courts.

ST. PAUL, J., dissents as to the form of judgment, and thinks it should fix the duration of the compensation. The statute fixed how and when a modification should be made.