JONES v. LANDRY

(April 29, 1929. Opinion and Decree.)
(May 27, 1929. Rehearing Refused.)

A. T. Higgins, Solomon Goldman and Matthew A. Grace, of New Orleans, attorneys for plaintiff, appellant.

John E. Fleury, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This is a suit for compensation for the loss of a hand. The defense is based upon Section 28 of Act 20 of 1914 (the compensation law) which denies recovery for injury caused by the employee's intoxication at the time of the injury or by reason of the injured employee's deliberate failure to use an adequate guard or protection against the accident, provided for him by his employer. There was judgment for defendant and plaintiff has appealed.

The plaintiff, a young negro woman, was employed by the defendant to operate a moss ginning machine. Her duty was to feed moss to the machine which contained two steel rollers with brackets, or teeth, which enmeshed as the rollers revolved. While so engaged her hand was caught between the rollers and badly mangled, necessitating its removal.

As to the defense of intoxication the burden of proof, under the terms of the compensation statute, rested upon the employer and our appreciation of the evidence is that he has failed to sustain that burden. There is some evidence to the effect that the injured employee's breath smelled of liquor or wine, and one witness testified that she acted like she was dizzy or sick, and after being pressed on cross-examination declared she was drunk. However, the evidence does not preponderate to that effect.

The alleged failure to use the protection afforded her by her employer, is based upon the charge that plaintiff fed the moss to the rollers from the side, instead of from the front, where there is a board about thirty inches wide, called an apron, which, it is said, is intended to protect operators against getting their hands caught in the rollers. Perhaps this board affords some protection by keeping the body of the operator at a distance from the rollers, but it appears to us as very inadequate. The defendant testifies that he had warned plaintiff against the practice of feeding the moss from the side, but that she failed to obey instructions. Her failure to obey his orders should have resulted in her discharge and incidentally the saving of her hand, but mere disobedience to orders is not sufficient to defeat recovery by an employee, under this section of the law. See Farris vs. Louisiana Long Leaf Lumber Co., 148 La. 106, 86 So. 670, and Sears vs. Peytral, 151 La. 971, 92 So. 561.

We are of the opinion that plaintiff should recover. Under the statute she is entitled to 65 per cent of her wages for

150 weeks. She was not paid a salary but worked by the piece. The average pay she received, as figured by her employer on a basis of the last eight weeks she was employed, was $4.08 per week, but two of these weeks should not be counted, for in one instance she is credited with having earned 20 cents and in the other 70 cents, which would indicate that she worked hardly at all during those two weeks. On the basis of the other six weeks her average earning was $5.29 per week. 65 per cent of this amount would be $3.44. She is entitled to compensation at the rate of $3.44 for 150 weeks. She was injured August 3, 1926, consequently the first installment should have been paid August 10, 1926.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the plaintiff, Angeline Marcelan, and against the defendant, Robert D. Landry, in the sum of $3.44 per week for 150 weeks, beginning August 10, 1926, with interest upon each installment thereof from its due date, at the rate of 5 per cent per annum and all costs.