739 So.2d 335 (1999)
James PITTS
v.
HELMRICH & PAYNE DRILLING.
No. 98 CA 1345.
Court of Appeal of Louisiana, First Circuit.
June 25, 1999.
*336 Russell C. Monroe, Robert J. Carter, Greensburg, Counsel for Plaintiff-Appellant James Pitts.
B. Scott Cowart, Adams and Reese, L.L.P., Baton Rouge, Counsel for Defendant-Appellee Heimrich & Payne Drilling.
Before: LeBLANC, FOGG, and PARRO, JJ.
PARRO, J.
This is a workers' compensation case in which the sole issue on appeal is whether the employee, James Pitts, was within the course and scope of his employment with Helmrich & Payne Drilling (H & P) when his accident occurred. For the reasons given, we affirm the workers' compensation court's summary judgment in favor of H & P.

FACTUAL AND PROCEDURAL HISTORY
The facts in this case are undisputed. Pitts was employed by H & P as a motor man on a six-man drilling crew. He and the other crew members worked seven-day tours, with twelve hours on duty and twelve hours off duty. For this project, H & P provided a rented mobile home about four or five miles from the work site; it served as living quarters for the convenience of the H & P drilling crews. While off duty, the employees had the option of using the mobile home or commuting to their homes. Pitts lived seventy miles from the work site, and generally used the mobile home as his living quarters during his seven-day tour. The H & P employees were paid only for the twelve hours they were actually on duty at the work site. H & P also provided each crew with a total of $175 per week to help defray the crew's food expenses. There was no telephone in the mobile home and no other direct means of communication between the work site and the mobile home. The employees were not required to wear beepers while off duty, nor were they required to stay in the mobile home or make themselves available for work during their off-duty time. Occasionally, an employee would be called to work during off-duty time when a member of another work crew was ill or unable to work his shift.
On the day the accident occurred, Pitts had worked a full twelve-hour shift and was back at the mobile home with the other crew members. He had eaten, showered, and gotten ready for bed. Pitts was injured when he fell and hit his head against an iron bed frame in the mobile home. Although the precise reason for his fall is unknown, a crew member who witnessed the fall testified that Pitts rose from a bed on which he had been sitting and crossed the room toward a shelf containing clothing. He was talking and laughing, but suddenly stiffened, blacked out, and fell. Pitts had no prior history of fainting spells and the physicians who treated him after the fall had no explanation for this occurrence.
Pitts filed a disputed claim for compensation, which was answered by H & P. Both parties then filed motions for summary judgment on the issue of whether or not Pitts was in the course and scope of his employment with H & P when the accident occurred. The evidence submitted in connection with the motions included an affidavit and deposition from Pitts, affidavits from crew members Leven Lacroix and *337 Stephen P. Lee, and an affidavit from Jerry W. Withers, the toolpusher who supervised the four six-man crews engaged in the drilling operations. After considering this evidence and hearing the arguments of counsel for both parties, the court granted H & P's motion for summary judgment and dismissed Pitts' claim. This appeal followed.

APPLICABLE LAW
Appellate courts review summary judgments in workers' compensation cases de novo under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. LeJeune v. Brewster, 97-2342 (La. App. 1st Cir.11/6/98), 722 So.2d 74, 76. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The summary judgment procedure is favored and shall be construed to accomplish the just, speedy, and inexpensive determination of actions. LSA-C.C.P. art. 966(A)(2); Robertson v. Northshore Regional Medical Ctr., 97-2068 (La.App. 1st Cir.9/25/98), 723 So.2d 460, 463.
A personal injury is compensable under the Workers' Compensation Act only if it results from an accident "arising out of and in the course of employment." LSA-R.S. 23:1031; Harvey v. Bogalusa Concrete, Inc., 97-2945 (La.App. 1st Cir.9/25/98), 719 So.2d 1130, 1131. The Louisiana Supreme Court has considered the terms "arising out of" and "in the course of" in Section 1031 as dual requirements that cannot be considered in isolation from each other. In a close case, a strong showing with reference to one requirement may compensate for a weak showing with reference to the other requirement. Benoit v. Capitol Mfg. Co., 617 So.2d 477, 479 (La.1993). When there is a weak showing with respect to both requirements, the employee is not entitled to compensation benefits. Raybol v. Louisiana State University, 520 So.2d 724, 726 (La.1988).
To evaluate the "course of employment" requirement, the court focuses on whether the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer's premises or at a place contemplated by employment activities. Mundy v. Department of Health & Human Resources, 593 So.2d 346, 349 (La. 1992). This inquiry focuses upon the time and place relationship between the injury and the employment. Williams v. Regional Transit Authority, 546 So.2d 150, 161 (La.1989). When considering the "arising out of employment" requirement, the court inquires into the character or origin of the risk suffered by the employee and determines whether this risk was incidental to the employment. Williams, 546 So.2d at 159. An injury arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. Mundy, 593 So.2d at 349; Weber v. State, 93-0062 (La.4/11/94), 635 So.2d 188, 192 n. 5.

ANALYSIS
To determine whether the workers' compensation court was legally correct in granting summary judgment in favor of H & P, we examine the facts of this case in light of the applicable legal principles. With reference to the requirement that the injury occur in the "course of employment," we note that Pitts was at the employer's premises when he fell, in that H & P provided the mobile home for its employees.[1] However, this was not the work *338 site and the employees were not actively engaged in the performance of their employment duties. Their activities at the mobile home were personalcooking, eating, bathing, sleeping, doing laundry, minor housekeeping, and socializing. These activities were in furtherance of the employees' personal needs, rather than the needs of their employer. Further, the accident did not occur during working hours. Although Pitts claimed he was "on call" at all times, his factual explanation of the circumstances under which he might be called to work does not support this description. He was not required to be available and was not required to wear a beeper. The mobile home was not even equipped with a telephone or other direct connection to the H & P work site. Under these facts, Pitts was no more "on call" during his off-duty hours than is any other worker who can be called to substitute for an ill or absent co-worker. We conclude that the time and place relationship between the injury and the employment was attenuated, at best. Based on these facts, therefore, the workers' compensation court correctly concluded Pitts was not in the course of his employment when the accident occurred.
Further, we note that the risk of passing out and falling was not incidental to Pitts' employment with H & P. There is no evidence that his job duties during his shift that day were particularly strenuous or that Pitts was exposed to any conditions at the work site that might have caused or contributed to this accident. Therefore, the injury did not "arise out of" his employment, and for this reason also, the workers' compensation court was legally correct in granting summary judgment in favor of H & P.

CONCLUSION
The judgment of the workers' compensation court is affirmed. All costs of this appeal are assessed to Pitts.
AFFIRMED.
NOTES
[1] In a supplemental brief, Pitts compares his circumstances to the facts in this court's recent opinion in Lorraine v. Theriot, Inc., 98-0479 (La.App. 1st Cir.4/1/99), 729 So.2d 1160, in which this court affirmed the trial court's conclusion in a personal injury case that the plaintiff was in the course and scope of his employment while riding to work. The truck in which he rode was regularly provided by his employer to transport crew members, tools, equipment, and supplies from the employer's office/warehouse to the various vessels on which the crew members were assigned to work. However, the Lorraine decision was based on a specific exception to the general rule that accidents occurring while an employee is en route to or from work are generally not considered as having occurred during the course of employment. The exception is recognized where transportation is furnished as an incident of employment. We do not believe that rationale applies to all accidents happening within living quarters, simply because those living quarters are furnished by the employer. Other factors, such as performance of work-related activities or risks attributable to employment, must also be present to bring the employee within the course and scope of employment.