797 So.2d 690 (2000)
Linda WALKER
v.
ACADIAN BUILDERS OF GONZALES, INC.
No. 99 CA 0297.
Court of Appeal of Louisiana, First Circuit.
May 19, 2000.
*691 James L. Maughan, Baton Rouge, LA, Counsel for Plaintiff-Appellant, Linda Walker.
Stephen E. Broyles, Baton Rouge, LA, Counsel for Defendant-Appellee, Acadian Builders of Gonzales, Inc.
BEFORE: SHORTESS, GONZALES, FITZSIMMONS, GUIDRY, AND WEIMER, JJ.
FITZSIMMONS, Judge.
Linda Walker and Charles Robinson (appellants) appeal from the grant of summary judgment by the Louisiana Office of Workers' Compensation in favor of Acadian Builders of Gonzales, Inc. and its insurer, Louisiana Commerce & Trade Association, SIF. The trial court determined that Mr. Walker's employment did not include the risk that he might swim in a golf course pond adjacent to the job site. It was, therefore, held that he was not in the course of his employment. This court reverses the trial court's grant of summary judgment.

FACTS
On June 13, 1997, Charles Walker, the son of appellants, drowned in a pond located on the Pelican Point golf course. Mr. Walker had worked throughout the day on a construction job associated with a private house located on the golf course. The house was approximately fifteen to thirty feet from the pond. Transportation to and from work sites was provided in a van for the workers by their supervisor/owner, Mary Fox, who subcontracted work to Acadian Builders of Gonzales, Inc.[1] Toward the end of the work day, a light rain *692 began. Mary Fox notified the workers to collect the work tools because they were going to leave early.
After the employees had assembled the tools and were waiting to load them in the van prior to departing, Mr. Walker jumped into a nearby pond and began swimming.[2] Unfortunately, when Mr. Walker approached the other side of the pond, he drowned.

COURSE AND SCOPE OF EMPLOYMENT
The Louisiana Workers' Compensation Act permits compensation if an employee incurs personal injury as a result of an accident "arising out of and in the course of employment." La. R.S. 23:1031. An accident occurs "in the course of employment" when the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer's premises or at other locations where employment activities take place. Davis v. Specialty Diving, Inc., 98-0458, 98-0459, p. 6 (La. App. 1st Cir.4/1/99), 740 So.2d 666, 670, writ denied, 99-1852 (La.10/8/99), 750 So.2d 972. An accident arises "out of employment" when it is the result of some risk to which the employee was subjected in the course of his employment to which he would not otherwise have been subjected, it occurred during the time of his employment, and the risk bears some relationship to the nature of the injury. Id.; Blakeway v. Lefebure Corporation, 393 So.2d 928, 929 (La.App. 4th Cir.1981), writ denied, 399 So.2d 610 (La.1981). A mutual interdependence of these two concepts is required in ascertaining the relationship of the injury to the employment. Davis, 94-0459, at p. 6, 740 So.2d at 670.
Appellate courts review summary judgments de novo, pursuant to the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993). The proper criterion to assess the viability of a summary judgment is based upon the lack, vel non, of a genuine issue of material fact and the movant's entitlement to judgment as a matter of law. La. C.C.P. art. 966(B). A fact is material if its existence is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989).
Mr. Walker's accident occurred during a "stand-by" period: the workers were waiting on the jobsite to load the van and to be transported home. He was taking a break; however, he was not free to leave because his transportation was provided by his employer. Compensation is generally awarded for accidents incurred on stand-by. In an early case, McClendon v. Louisiana Central Lumber Co., 17 La. App. 246, 135 So. 754, 758 (La.App. 2d Cir.1931), our colleagues in the second circuit pronounced that an employee is not relegated to twiddling his thumbs for the entire time that he is on stand-by. As long as the act is not entirely unreasonable and could be expected of an ordinary human being, the employee is not outside of the scope of his work. Id. Moreover, accidents that occur during periods of rest and *693 relaxation are normally regarded as transpiring in the course of the employment. Personal activities such as: getting fresh air, smoking, resting, eating food or a snack, drinking, including water, beer or wine, taking a bath provided by the employer, using a telephone or a toilet, stair or elevator, and washing work clothes, have been classified as in the course of employment. St. Alexandre v. Texas Co., 28 So.2d 385, 388 (La.App.Or.Cir.1946) (quoting from "Trends in Workmen's Compensation," Indiana Law Journal, Vol. 21, No. 4); also see, Wex S. Malone & H. Alston Johnson, III, Louisiana Civil Law Treatise, § 163, at 347-348, in 13 Louisiana Civil Law Treatise (3rd ed. 1994).
However, if the employee has left his post to seek an independent adventure of his own in an activity that bears no reasonable connection to his employment, the activity has been held to fall outside of the course and scope of employment. In Craig v. Fournet, 457 So.2d 760, 762 (La. App. 1st Cir.1984), this court held that a drowning accident of a construction worker occurring on his lunch break off the employer's premises during an unpaid, non-supervised lunch period was not a work-related function and, therefore, was not within the course and scope of employment.
The trial court, in the instant case, did not grant the motion for summary judgment on the basis that the employee's action constituted horseplay; nor was summary judgment granted on the basis that Mr. Walker was engaging in action that had been expressly prohibited. Rather, the court premised its decision on the basis that the act of swimming in an adjacent golf pond, immediately after completing manual labor and prior to departing, is not an activity that would be reasonably expected.
Our review of the issues in this factual setting results in a different assessment of the operative elements relative to course and scope of employment. The pivotal variable is whether or not Mr. Walker had violated instructions and, if so, whether the prohibited act was so "substantially different" that it totally removed him from the scope, or sphere, of his employment. See Sears v. Peytral, 151 La. 971, 92 So. 561, 562 (1922)[3].
In the record before us, Mary Fox, the supervisor/owner, testified via deposition that on the day preceding the drowning, as well as on the morning of the incident, she expressly told Mr. Walker not to get into the water. There is, however, conflicting testimony as to whether Mr. Walker had been admonished by Mr. Bobby Fox, Mary Fox's husband, not to swim in the pond immediately prior to its occurrence. Mr. Fox was also working at the jobsite. Equally confusing is disputed testimony as to whether several other employees, and Bobby Fox, had actually gone swimming in the pond on the previous day. Such precedence by Mary Fox's husband would have sent a mixed message to Mr. Walker, or, at a minimum, detracted from the verity of her verbal restrictions to him. As such, the act of swimming at the end of the work day, while waiting for employer-sponsored transportation, might have been reasonably anticipated to have occurred as a personal activity within the course and scope of work.
Although summary judgment is now favored pursuant to the dictates of La.C.C.P. art. 966(A)(2), the existence of a material issue of fact renders the summary proceeding unsuitable. La. C.C.P. art. *694 966(B). Given the material factual issues critical to the determination of the parameters of the course and scope of Mr. Walker's work, we reverse the trial court's grant of summary judgment. The matter is remanded to the trial court for further proceedings consistent with this judgment.
REVERSED AND REMANDED.
SHORTESS, J., agrees and also files a brief concurring statement.
GONZALES, J., dissents.
SHORTESS, C.J., concurring.
I agree with the majority report. I also note that since Mary Fox provided transportation to Walker to and from work, he was not free to leave after work had been closed for the day. He had to wait for his ride on a hot day near the offending pond. The facts need to be developed completely so a fact-finder can determine whether Walker's actions were reasonable, ergo, within the scope of his employment.
I respectfully concur.
NOTES
[1] Appellants state in their brief that Acadian Builders of Gonzales, Inc. was sued in the capacity of statutory employer because the subcontracting company did not possess workers' compensation insurance.
[2] Descriptions of the pond revealed that it surrounded an island or peninsula, and there was a bridge.
[3] In Sears, the failure of an employee, riding on a truck, to obey instructions not to sit on the floor with his feet hanging over the side, did not bar compensation.