808 So.2d 826 (2002)
Dennis DAVIS
v.
ST. TAMMANY PARISH SCHOOL BOARD.
No. 2000 CA 2860.
Court of Appeal of Louisiana, First Circuit.
February 15, 2002.
*827 Dennis Davis, Talisheek, Pro Se.
Harry P. Pastuszek, Jr., Mandeville, for Appellee St. Tammany Parish School Board.
Before: FOIL, PETTIGREW and KLINE,[*] JJ.
*828 FOIL, Judge.
In this workers' compensation case, the sole issue on appeal is whether the claimant, Dennis Davis, was within the course and scope of his employment with the St. Tammany Parish School Board when his alleged accident occurred. For the reasons that follow, we affirm the granting of summary judgment in favor of the School Board.

FACTUAL AND PROCEDURAL HISTORY
Dennis Davis was formerly employed by the School Board as a school bus driver. His employment was terminated on August 3, 1999, based in part on his actions of March 24, 1999, and his false allegations of being injured by his supervisor, Madeline Davis.
On September 21, 1999, after his termination, Davis filed a disputed claim for compensation against the School Board alleging he was injured on March 24, 1999. According to Davis, he was attempting to use the telephone to call the police to report a theft when Madeline Davis ran into him to knock the telephone out of his hand. In its answer, the School Board denied Davis's allegations. It asserted that Davis was attending a disciplinary hearing on March 24, which took place after his normal work hours. After the hearing adjourned at about 6:00 p.m., Davis returned to the hearing building after he was directed to vacate the premises. The School Board denied that a theft took place as claimed by Davis. Davis insisted on using the telephone in open defiance of his superiors. The School Board ultimately filed a motion for summary judgment, alleging that at the time of Davis's alleged injury, he was not in the course and scope of his employment.
Following a hearing on the motion, the workers' compensation judge, Robert W. Varnado, Jr., rendered judgment granting the School Board's motion for summary judgment, but denying its request for sanctions and attorney's fees. This appeal by Davis followed.

DISCUSSION
On appeal, Davis challenges various factual findings made by the WCJ. Specifically, he argues that there is ample evidence in the record to support his claim that he was in the course and scope of his employment when he was "attacked" by Madeline Davis. As such, he asserts it was error for the WCJ to grant summary judgment in favor of the School Board.
Appellate courts review summary judgments in workers' compensation cases de novo under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. Pitts v. Helmrich & Payne Drilling, 98-1345, p. 3 (La.App. 1 Cir. 6/25/99), 739 So.2d 335, 337, writ denied, 99-2194 (La.11/5/99), 750 So.2d 187. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
A personal injury is compensable under the Workers' Compensation Act only if it results from an accident "arising out of and in the course of employment." La. R.S. 23:1031; Pitts v. Helmrich & Payne Drilling, 98-1345 at p. 3, 739 So.2d at 337. The terms "arising out of" and "in the course of" in Section 1031 are dual *829 requirements that cannot be considered in isolation from each other. Id. To evaluate the "course of employment" requirement, the court focuses on whether the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer's premises or at a place contemplated by employment activities. Id., 98-1345 at p. 4, 739 So.2d at 337. This inquiry focuses upon the time and place relationship between the injury and the employment. Id. When considering the "arising out of employment" requirement, the court inquires into the character or origin of the risk suffered by the employee and determines whether this risk was incidental to the employment. Id. An injury arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. Id.
To determine whether the WCJ was legally correct in granting summary judgment in favor of the School Board, we examine the facts of this case in light of the applicable legal principles. With reference to the requirement that the injury occur in the "course of employment," we note that Davis's alleged injury occurred after working hours, at a place that was not contemplated by his employment activities. Moreover, Davis was not actively engaged in the performance of his duties (driving a school bus) when the alleged incident occurred. Based on these facts, the WCJ correctly concluded Davis was not in the course of his employment when the incident occurred.
With reference to the "arising out of employment" requirement, we note that the risk of an injury occurring as it allegedly did in this case was not incidental to Davis's employment as a school bus driver. When the incident occurred, Davis was not driving a school bus, and the School Board's business did not require him to be at the place of the accident. In fact, the evidence shows that Davis had been ordered to leave the building. Therefore, the WCJ correctly concluded that the accident in this case did not arise out of Davis's employment. Accordingly, the WCJ was legally correct in granting summary judgment in favor of the School Board.

CONCLUSION
The judgment appealed from is affirmed. All costs of this appeal are assessed to Dennis Davis.
AFFIRMED.
NOTES
[*] Judge William F. Kline, Jr., Retired, serving Pro Tempore by special appointment of the