J^FOIL, J.
This workers’ compensation case involves two separate claims for death benefits. Cortanna Rene Beecham (first appellant) and Linda Walker (second appellant) appeal from a judgment of the Louisiana Office of Workers’ Compensation in favor of Acadian Builders of Gonzales, Inc. The workers’ compensation judge, Anthony P. Palermo, denied both appellants’ claims for death benefits, finding that the decedent was not in the course and scope of his employment at the time of his death. For the reasons that follow, we affirm the judgment of the WCJ.
FACTS AND PROCEDURAL BACKGROUND
The decedent, Charles Walker, worked for Mary Fox Digging, a company that was under contract with Acadian Builders of Gonzales, Inc. to dig foundations for construction of new private residences in the Pelican Point golf course development. Their employer, Mrs. Fox, provided transportation to and from the work site to Mr. Walker and his co-employees. Near the end of the workday on June 13, 1997, the crew “knocked off’ early because of rain. While waiting for transportation home, Mr. Walker jumped in a nearby golf course pond and drowned.
Mr. Walker’s parents, Linda Walker and Charles Robinson, filed the initial lawsuit in this matter. Their suit, seeking workers’ compensation living ascendant death benefits, was filed against Acadian Builders as the statutory employer because Mary Fox Digging, the direct employer, was uninsured and failed to pay any benefits. The employer and its insurer filed a motion for summary judgment, which was granted. The WCJ determined that Mr. Walker’s employment did not include the risk that he might swim in a golf course pond adjacent to the job site. Therefore, the WCJ held that Mr. Walker was not in the course of his employment. On appeal, a five-person panel of this court found the existence of “material factual issues critical to the determination of the parameters of the course and scope of Mr. Walker’s work,” and reversed the granting of summary judgment. Walker v. Acadian Builders of Gonzales, Inc., 99-0297 (La.App. 1 Cir. 5/19/00), 797 So.2d 690, 694. In so ruling, this court noted as follows:
The trial court, in the instant case, did not grant the motion for summary judgment on the basis that the employee’s action constituted horseplay; nor was summary judgment granted on the basis that Mr. Walker was engaging in action that had been expressly prohibited. Rather, the court premised its decision on the basis that the act of swimming in an adjacent golf pond, immediately after completing manual labor and prior to *829 departing, is not an activity that would be reasonably expected.
Id., 797 So.2d at 693. Accordingly, this court remanded the matter for further proceedings.
Prior to the’trial on remand, Cortanna Rene Beecham intervened as a third party plaintiff on behalf of the decedent’s alleged illegitimate minor son, Devante Noel Beec-ham. She sought dependent descendant benefits for the minor. On the day of trial, April 25, 2001, Linda Walker and Charles Robinson filed a peremptory exception alleging that Cortanna Beecham had no right or cause of action to claim death benefits on behalf of Devante Beecham, as he was never “formally” acknowledged by Charles Walker.
Following a trial of the matter and the submission of post-trial memorandums, the WCJ denied the claims of all plaintiffs, finding that the claimants failed to prove that Charles Walker was in the course and scope of his employment at the time of his death. These appeals by Cortanna Rene Beecham and Linda Walker followed.
On appeal, both appellants argue that the WCJ erred in ruling that Charles Walker’s death did not arise out of and in the course of his employment. They both contend that Mr. Walker drowned during a permissible “stand-by” period and that his death did not occur as a result of horseplay.
APPLICABLE LAW
A personal injury is compensable under the Workers’ Compensation Act only if it results from an accident “arising out of and in the course of employment.” La. R.S. 23:1031; Davis v. St. Tammany Parish School Board, 00-2860 (La.App. 1 Cir. 2/15/02), 808 So.2d 826, 828. The terms “arising out of’ and “in the course of’ in Section 1031 are dual requirements that cannot be considered in isolation from each other. Id., 808 So.2d at 828-829. To evaluate the “course of employment” requirement, the court focuses on whether the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer’s premises or at a place contemplated by employment activities. Id., 808 So.2d at 829. This inquiry focuses upon the time and place relationship between the injury and the employment. Id. When considering the “arising out of employment” requirement, the court inquires into the character or origin of the risk suffered by the employee and determines whether this risk was incidental to the employment. Id. An injury arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. Id. Finally, a WCJ’s determinations regarding these requirements are subject to the manifest error standard of review. Lewis v. Houma Industries, 01-0641 (La.App. 1 Cir. 5/10/02), 818 So.2d 956, 958.
DISCUSSION
To determine whether the WCJ was manifestly erroneous in granting judgment in favor of the employer, we examine the facts of this case in light of the applicable legal principles. With reference to the requirement that the injury occur in the “course of employment,” we note that Mr. Walker drowned at the end of a workday, at a place that was not contemplated by his employment activities. Moreover, Mr. Walker was not actively engaged in the performance of his duties (digging foundations) when the incident occurred. Based on these facts, the WCJ correctly concluded Davis was not in the course of his employment when the incident occurred.
With reference to the “arising out of employment” requirement, we note that the risk of an injury occurring as it did in this case was not incidental to Mr. Walker’s employment as a foundation digger. *830 The WCJ |Rnoted that the incident occurred when Mr. Walker left the immediate job site, went to a pond, jumped in and was swimming around.' Mr. Walker was not digging a foundation, and the employer’s business did not require him to be at the place of the accident. In fact, and as the WCJ found, the evidence shows that Mr. Walker had been told by the supervisor of the digging crew, Bobby Ray Fox, not to go swimming in the pond. In oral reasons for judgment, the WCJ found that Mr. Walker was engaged in horseplay at the time of his death. His actions were not in furtherance of any work activity, but were “for his pure enjoyment.” We find that these conclusions are supported by the evidence. Indeed, the evidence shows that Mr. Walker violated instructions and that the prohibited act was so “substantially different” that it totally removed him from the scope of his employment. See Walker v. Acadian Builders of Gonzales, Inc., 797 So.2d at 693. There was testimony that some other people had been seen swimming in the pond before, but, as the WCJ noted, there was no evidence that Mr. Walker witnessed this or was told about it. No one else had been in the water or was in the water on the day that Mr. Walker drowned. After a thorough review of the evidence in this case, we conclude that the WCJ correctly found that the accident in this case did not arise out of Mr. Walker’s employment. Accordingly, we find that the WCJ was not manifestly erroneous in granting judgment in favor of Acadian Builders of Gonzales, Inc.
CONCLUSION
The judgment appealed from is affirmed. All costs of this appeal are assessed equally to both appellants.
AFFIRMED.