JjgFOIL, J.
In this workers’ compensation case, an employee challenges the granting of summary judgment in favor of his employer. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL HISTORY
Plaintiff, Lonnie Albert, was employed as a line freight haul truck driver by defendant, Roadway Express, Inc. He suffered a ruptured disc in a fall while working on May 2, 1997. As a result of the injury, plaintiff began receiving workers’ compensation benefits at the maximum rate of $341.00 per week. Plaintiff subsequently underwent surgery on March 27, 1998. On June 15, 1998, plaintiffs treating physician indicated that he had reached maximum medical improvement (MMI), and released him to return to work with work restrictions. Plaintiff could not return to his prior truck driving position and Roadway terminated him.
Thereafter, Roadway provided plaintiff with vocational rehabilitation and identified several jobs for plaintiff that were approved by his treating physician on December 23, 1998. According to Roadway, although it was entitled to reduce and reclassify benefits to supplemental earnings benefits (SEBs) as of that date, it continued to pay temporary total disability (TTD) benefits at the maximum rate through September 4, 2002. Effective September 5, 2002, benefits were reduced to SEBs based on the approval of jobs earning $6.00 per hour. As a result of the *754 overpayment made between December 23, 1998 and September 4,2002, SEBs were paid at a reduced rate until the credit was exhausted.
On April 10, 2002, plaintiff returned to his treating physician, who diagnosed a recurrent herniation and recommended a second surgery. Plaintiff filed a disputed claim for benefits because Roadway did not authorize the second surgery and because it had modified and offset his TTD benefits.
|3In response, Roadway filed a motion for summary judgment. Following a hearing and the admission of documentary evidence, the workers’ compensation judge, Glynn F. Volson, rendered judgment in Roadway’s favor. In written reasons for judgment, the WCJ concluded that plaintiff had been paid TTD benefits until September 4, 2002. Thereafter, Roadway properly modified benefits to SEBs and was entitled to an offset for any overpayment. Finally, the WCJ found that plaintiffs need for a second surgery was not causally related to the original work-related accident. This appeal by plaintiff followed.
DISCUSSION
On appeal, plaintiff challenges various factual findings made by the WCJ, and further asserts that the WCJ committed certain legal errors. Specifically, he argues that: 1) medical causation is a question of fact that is not properly resolved on a motion for summary judgment; 2) Roadway was not entitled to an offset of plaintiffs SEBs under the defense of res judicata; and finally, 3) Roadway erred in its calculation of SEBs. As such, he asserts it was error for the WCJ to grant summary judgment in Roadway’s favor.
Appellate courts review summary judgments in workers’ compensation cases de novo under the same criteria that govern
the trial court’s consideration of whether a summary judgment is appropriate. Davis v. St. Tammany Parish School Board, 00-2860, p. 3 (La.App. 1 Cir. 2/15/02), 808 So.2d 826, 828. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
After a thorough review of the record, we agree with the WCJ’s factual findings and his legal conclusions on the issues presented. We affirm the |4WCJ’s judgment and adopt his written reasons as our own, attaching a copy to this opinion. Costs of this appeal are assessed to plaintiff, Mr. Albert.
AFFIRMED.
FITZSIMMONS, J., agrees and assigns additional reasons.
GAIDRY, J., dissents and assigns reasons.